IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRYSTAL TONES, LLC,<br><br>Plaintiff,<br>v.<br><br>PYROMATICS COPRORATION, *et al.*,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Civil Case No. 2:25-CV-235-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants Pyromatics Corp. and Divine Bowls LLC's Objection to New Evidence and Arguments Offered in Plaintiff's Reply in Support of Motion for Preliminary Injunction [ECF No. 76] and California Defendants' Joinder in Pyromatics Defendants' Objection [ECF No. 80].

The Pyromatic Parties object to all new exhibits attached to Crystal Tones' reply memorandum, asserting that they are untimely and improper. The Pyromatic Parties also seek leave to file a surreply to respond to the new evidence. The Pyromatic Parties believe they were sandbagged with the reply exhibits because Crystal Tones had previously seen their opposition to a previously filed motion for preliminary injunction that Crystal Tones withdrew. However, there are no different rules for this unique situation and a party is still entitled to respond to matters raised in an opposition. Crystal Tones properly withdrew its prior motion for preliminary injunction which was based on the original Complaint and refiled a new motion for preliminary injunction in connection with its Amended Complaint. The fact that Crystal Tones had filed a previous motion for preliminary injunction does not limit its ability to respond to matters raised

in a memorandum in opposition. The notion that a party cannot respond to matters raised in an opposition would negate the whole purpose of a reply. The moving party always gets the last word on a motion, that is just the system we have always followed. If a party raises something entirely new in a reply, there is a basis for allowing the opposing party to file a surreply. But merely responding to matters raised in an opposition, which is what Crystal Tones did in this instance, is procedurally and substantively allowed.  A surreply is not proper in this situation.

The Pyromatic Parties also object to the relevance and probative value of the reply exhibits. But "[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). There is no basis for the Pyromatic Parties' evidentiary objections in the context of Crystal Tones' motion for preliminary injunction.

The Pyromatic Parties further ask the court not to consider Crystal Tones' allegedly new definition of its trade secret because it was raised in its reply. In the alternative, the Pyromatic Parties ask to file a surreply on this issue.  However, Crystal Tones' initial definition of its trade secret encompasses the narrower subset of the trade secret focused on in the opposition and the reply. Both parties raised the identification and infusion trade secret and had an opportunity to address the issues. The issue was not raised for the first time on reply. Accordingly, the court can properly consider Crystal Tones' arguments in reply and there is no basis for a surreply.

For these reasons, the court finds no basis for the Pyromatic Parties' Objection [ECF No. 76].  Accordingly, the California Defendants' request to join in the unmeritorious objection is essentially moot. However, with respect to the California Defendants' motion for joinder, the court finds the motion improper and untimely under the District of Utah's Local Rules of Practice. Under DUCivR 7-1(a)(8), a notice of joinder is improper. Even if the court construed

the California Defendants' joinder as its own objection incorporating the Pyromatic Parties' objections, the California Defendants' joinder was untimely filed and, like the Pyromatic Parties' objection, without merit. Therefore, the California Defendants' motion for joinder in Pyromatics Defendants' Objection [ECF No. 80] is DENIED.

DATED this 20th day of October 2025.

_____
DALE A. KIMBALL
United States District Judge